IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA THOMPSON and DOUGLAS COLEY, | ) ) ) No. ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CITY OF CHICAGO, a municipal corporation, OFFICER A. M. VINCENT, Star No. 15162, in his individual capacity; | ) ) ) ) |
| Defendants. | ) **Jury Trial Demanded.** |

## COMPLAINT

**NOW COME** Plaintiffs, LAURA THOMPSON and DOUGLAS COLEY by and through one of their attorneys, Victor P. Henderson, and complains of Defendants, CITY OF CHICAGO and OFFICER A. M. VINCENT, Star No. 15162, an individual, as follows:

## NATURE OF CASE

1. This is an action for monetary damages brought pursuant to 42 U.S.C. §1983 and the laws of the State of Illinois.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1343 and 1367, because Plaintiffs assert claims that arise under the Constitution and laws of the United States, and other claims that are so related to

1

claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §1391(b), because the facts that gave rise to the claims occurred within the Northern District of Illinois.

## THE PARTIES

4. At all relevant times, Plaintiff Laura Thompson ("Ms. Thompson") was a resident of the Northern District of Illinois.

5. At all relevant times, Plaintiff Douglas Coley ("Mr. Coley") was a resident of the Northern District of Illinois.

6. At all relevant times, Defendant Officer A. M. Vincent ("Vincent") served as a Chicago Police Officer and acted under the color of law and in the course and scope of his employment with the City of Chicago as a sworn law enforcement officer.

7. At all relevant times, Defendant City of Chicago was a municipal corporation incorporated under the laws of the State of Illinois. Defendant operates the Chicago Police Department and is Vincent's principal employer.

## FACTS

8. On January 23, 2015, Chicago Police Officer Vincent, along with other officers, kicked in the front door of Ms. Thompson and Mr. Coley's home.

9. When the officers forced entry into the home, Ms. Thompson was in her bedroom napping.

10. Mr. Coley was outside.

11. Ms. Thompson and Mr. Coley's dog, Tango, barked at the officers from up a flight of stairs, five to six feet away from the officers.

12. Tango did not growl or act aggressively toward the officers.

13. Tango did not approach the officers.

14. Ms. Thompson got out of bed and stood next to Tango.

15. Ms. Thompson told the officers that Tango would not hurt them.

16. Vincent responded to Ms. Thompson, "He's got to go."

17. Vincent then shot Tango three times.

18. Frightened, wounded, and bleeding, Tango ran away into a bedroom.

19. The officers then searched the home.

20. When Animal Control came to the home, 20 – 30 minutes after Tango was shot, he was still alive, bleeding and suffering.

21. Soon thereafter, Tango died as a result of Vincent shooting him.

### COUNT I
### 42 U.S.C. § 1983- ILLEGAL SEIZURE
### (Defendant Officer A.M. Vincent)

22. Each of the foregoing paragraphs is incorporated as if restated fully herein.

23. Vincent seized Plaintiffs' property, their dog Tango, by shooting and killing him.

24. Vincent acted intentionally in shooting and killing Tango.

25. Vincent's illegal seizure by shooting and killing Tango was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

26. As a result of Vincent's illegal seizure, Plaintiffs suffered injuries, including depression, anxiety, and the loss of Tango.

**WHEREFORE**, Plaintiffs pray that this Court:

A. Enter judgment in favor of the Plaintiffs and against Vincent.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiffs and against Vincent.

D. Award attorneys' fees and costs in favor of Plaintiffs and against Vincent.

E. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Officer A.M. Vincent)

27. Each of the foregoing paragraphs is incorporated as if restated fully herein.

28. As described in the preceding paragraphs, Vincent's misconduct in shooting Plaintiffs' dog without cause was extreme and outrageous.

29. Vincent committed the misconduct with knowledge that his actions would cause Plaintiffs severe emotional distress.

30. As a direct and proximate cause of Vincent's misconduct, Plaintiffs have suffered severe emotional distress, including emotional anguish, humiliation, fear, and anxiety.

**WHEREFORE**, Plaintiff prays that this Court:

A. Enter judgment in favor of the Plaintiffs and against Vincent.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff and against Vincent.

D. Award attorneys' fees and costs in favor of Plaintiff and against Vincent.

E. Award such other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### COUNT III
### RESPONDEAT SUPERIOR
**(Defendant City of Chicago)**

31. Each of the foregoing paragraphs is incorporated as if restated fully herein.

32. In committing the acts alleged in the preceding paragraphs, Vincent was employed by and acting as an agent of the City of Chicago.

33. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should Vincent be found liable for the Illinois State law claim of Intentional Infliction of Emotional Distress as set forth above, Plaintiffs demand that Defendant City of Chicago be found liable for any judgment (other than punitive damages) they obtain.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### COUNT IV
### INDEMNIFICATION
### (Defendant City of Chicago)

34. Each of the foregoing paragraphs is incorporated as if restated fully herein.

35. Defendant City of Chicago is the indemnifying entity for the actions of Defendant Officer Vincent, described above, who took these actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

**WHEREFORE,** should Vincent be found liable of the claims set forth above, Plaintiffs demand that Defendant City of Chicago be found liable for any judgment (other than punitive damages) they obtain, pursuant to 745 ILCS 10/9-102.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**DATED:** January 14, 2016

                                        Respectfully Submitted,


                                        /s/ Victor P. Henderson
                                        One of the Attorneys For Plaintiffs

Victor P. Henderson
Rebecca R. Kaiser
**HENDERSON ADAM, LLC**
330 South Wells Street, Suite 300
Chicago, IL 60606
Telephone: (312) 262-2900
Facsimile:  (312) 262-2901